**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

RUDY MENDOZA,

Defendant.

NO. 3:18-CR-0122

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion for New Trial and Judgment of Acquittal (Doc. 95) filed by Defendant Rudy Mendoza ("Mr. Mendoza"). Following a three-day trial in this Court, a jury found Mr. Mendoza guilty of assault with a dangerous weapon with intent to do bodily harm and knowingly possessing a prohibited object, but not guilty of conspiracy to commit assault with a dangerous weapon with intent to do bodily harm. Mr. Mendoza now seeks post-trial relief. Specifically, Mr. Mendoza contends that there was insufficient evidence to convict him of those charges and that the jury's verdict was contrary to the weight of the evidence. For the reasons that follow, Mr. Mendoza's post-trial motion will be denied.

### I. Background

By way of Indictment dated April 10, 2018, Mr. Mendoza and co-Defendant Jesus Chavez ("Mr. Chavez") were charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) (Count 1) and possession of a prohibited object (a shank) in violation of 18 U.S.C. § 1791(a)(2) (Count 2). (*See* Doc. 1, *generally*). A Superseding Indictment was subsequently returned by the Grand Jury on April 23, 2019. (*See* Doc. 39, *generally*). Therein, Mr. Mendoza and Mr. Chavez were again charged with assault with a dangerous weapon (Count 2) and possession of a prohibited object (Count 3), as well as conspiracy to commit assault with a dangerous weapon in violation of 18 U.S.C. § 371 (Count 1). (*See id.*).

The charges related to an incident that occurred on June 17, 2017 in Mr.

Mendoza's cell at the United States Penitentiary ("USP") Canaan. Specifically, as shown on video presented at trial, the incident began when Rogelio Rojas-Flores ("Mr. Rojas-Flores") approached, uninjured, and entered Mr. Mendoza's cell, which was on the second floor. Mr. Mendoza entered the cell as well, and shortly thereafter he closed the cell door. Mr. Chavez proceeded towards the cell door, where he stood for a few minutes before entering the cell. While the inside of the cell was not shown on video, rapid movements could be seen through the cell door window. Several minutes passed before Mr. Chavez and Mr. Mendoza exited the cell. Mr. Rojas-Flores then exited bloodied and injured with numerous stab wounds. Mr. Mendoza's cell was covered in blood and a shank was located in the toilet therein.

At trial, the Government presented video surveillance from various camera angles of the cellblock, as well as the testimony of several prison employees. Correction Officer Nicholas Altofer testified that he was one of two officers assigned to the cellblock containing Mr. Mendoza's cell at the time of the incident. C.O. Altofer testified that he was patrolling the lower floor when he heard noise from the upper unit. After climbing the stairs, C.O. Altofer observed Mr. Mendoza covered in water as though he just washed himself. Mr. Mendoza was shirtless as he walked away from his cell, but he was in the process of putting on a fresh shirt. C.O. Altofer also testified to encountering Mr. Rojas-Flores as he left the cell.

Special Investigative Technician James Graeber also testified at trial. Specifically, S.I. Tech Graeber testified that he photographed Mr. Mendoza's cell, and that he retrieved bloody clothing and the shank from the cell.

Emergency Medical Technician Michael Kabonick testified that he examined Mr. Mendoza, Mr. Chavez, and Mr. Rojas-Flores after the incident. As to Mr. Mendoza, he had injuries on his right hand and thumb which EMT Kabonick said were consistent with gripping an object. EMT Kabonick also testified that he treated Mr. Rojas-Flores, who was sent to an outside medical facility for treatment for puncture and laceration wounds.

Testimony was also presented at trial that following this incident, the shank that was found in Mr. Mendoza's cell was lost by the Bureau of Prisons. Additionally, Mr. Rojas-Flores was deported prior to trial.

Before trial, Mr. Mendoza moved for the termination of his counsel and to proceed *pro se*. (*See* Doc. 54, *generally*). Following a hearing, Mr. Mendoza's motion to proceed *pro se* was granted, but stand-by counsel was appointed for trial purposes. (*See* Doc. 64, *generally*).

On June 26, 2019, a jury found Mr. Mendoza guilty of assault with a dangerous weapon and knowingly possessing a prohibited object, but not guilty of the conspiracy charge. (*See* Doc. 81, *generally*). Following the verdict, counsel was appointed for Mr. Mendoza for all future proceedings. (*See* Doc. 88, *generally*). Mr. Mendoza then filed the instant motion for new trial and judgment of acquittal. (*See* Doc. 93, *generally*; Doc. 95, *generally*). Mr. Mendoza's post-trial motion is now ripe for disposition.

## II. Discussion

Mr. Mendoza, as stated, seeks a new trial and a judgment of acquittal. I will address his request for judgment of acquittal first.

**A.  Judgment of Acquittal.**

Federal Rule of Criminal Procedure 29(c) provides, in pertinent part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "A defendant challenging the sufficiency of the evidence pursuant to Rule 29 bears a heavy burden." *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (citation and internal quotation marks omitted). In reviewing a motion for judgment of acquittal under Rule 29, a court considers "whether the evidence, when viewed in a light most favorable to the government, supports the jury's verdict." *United States v. Fattah*, 902 F.3d 197, 267-68 (3d Cir. 2018) (citing *United States v. Dixon*, 658 F.2d 181, 188 (3d Cir. 1981)). A jury verdict must be upheld "unless no reasonable juror could accept the evidence as

sufficient to support the defendant's guilt beyond a reasonable doubt." *Id*. at 268 (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)); *see also United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) ("When a defendant attacks the sufficiency of the evidence underlying a jury verdict, the court must review the record evidence in a light most favorable to the prosecution and uphold that verdict if any rational trier of fact could find guilt beyond a reasonable doubt.").

To be found guilty of assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3), the Government was required to prove the following beyond a reasonable doubt: (1) Mr. Mendoza assaulted Mr. Rojas-Flores; (2) Mr. Mendoza acted with specific intent to do bodily harm; (3) Mr. Mendoza used a dangerous weapon; and (4) the assault took place within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 113(a)(3) ("Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows . . . (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."). For the conviction for possession of a prohibited object in violation of 18 U.S.C. § 1791(a)(2), the Government had to prove beyond a reasonable doubt that: (1) Mr. Mendoza was an inmate at a federal prison; (2) he knowingly possessed an object; and (3) the object was a prohibited object as described in the Superseding Indictment, *i.e.*, a shank. 18 U.S.C. § 1791(a)(2) ("Whoever– being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object; shall be punished as provided in subsection (b) of this section.").

Mr. Mendoza argues that he is entitled to a judgment of acquittal on both Counts that he was convicted of at trial. Taking the assault conviction first, Mr. Mendoza contends that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt and that the verdict was based on speculation and suspicion. (*See* Doc. 95, 7). In particular, Mr. Mendoza says that "the only evidence presented was that [he] was in his cell when Mr. Rojas-Flores sustained

4

his injuries." (*See id.*).

The Government disagrees. (*See* Doc. 110, *generally*). While it acknowledges that there is no video evidence from inside the cell, it contends that the video and other evidence demonstrate that Mr. Mendoza (in addition to Mr. Chavez) participated in the assault. (*See id.* at 12-13). Specifically, the Government points to the fact that three healthy individuals went into the cell, but after they left the cell, Mr. Chavez and Mr. Mendoza had only minor injuries, while Mr. Rojas-Flores had sustained severe injuries. (*See id.*). And, Mr. Mendoza's injuries to his hand and thumb were consistent with participation in the assault. (*See id.*). The Government further contends that the physical evidence found inside the cell support the jury's finding that Mr. Mendoza participated in the assault, namely, the blood splatter in the cell, his bloodied clothing, and the shank located in the toilet. (*See id.*).

Mr. Mendoza has not met this burden for an acquittal on Count 2, so his motion will be denied in that respect. The evidence, when viewed in the light most favorable to the Government, supports the jury's verdict that Mr. Mendoza was guilty of assault with a dangerous weapon with intent to do bodily harm. Turning to the elements, it is undisputed that USP Canaan was under federal jurisdiction at the time of the incident. *See, e.g.*, *United States v. Read*, 918 F.3d 712, 718 (9th Cir. 2019) (FCI-Phoenix was under federal jurisdiction at time of alleged prison assault).

A rational trial of fact could also have found that the Government proved the remaining elements of a violation of § 113(a)(3) beyond a reasonable doubt. In particular, the evidence demonstrated that three healthy men entered Mr. Mendoza's cell, but over ten minutes later when they exited, Mr. Rojas-Flores was severely injured and covered in blood, while Mr. Mendoza and Mr. Chavez had minimal injuries. There was also evidence that Mr. Mendoza washed himself with water after the incident and put on a fresh shirt, while his clothing he left in his cell was bloodstained. Further, Mr. Mendoza's cell was covered with blood and a shank was found in the toilet. Upon examination by EMT Kabonick, Mr. Mendoza was found

to have injuries to his hand and thumb consistent with gripping an object. On these facts then, a jury could find the remaining elements for a § 113(a)(3) conviction, *i.e.*: (1) Mr. Mendoza assaulted Mr. Rojas-Flores; (2) Mr. Mendoza acted with specific intent to do bodily harm; and (3) Mr. Mendoza used a dangerous weapon. In other words, because a rational trier of fact could find guilt beyond a reasonable doubt, Mr. Mendoza's motion for judgment of acquittal on Count 2 will be denied.

As to the possession of a prohibited object charge in Count 3, Mr. Mendoza similarly argues that there is no evidence that he possessed the shank. (*See* Doc. 95, 5-7). The Government counters that the shank is a prohibited object, that it was found in Mr. Mendoza's toilet, and the injuries on Mr. Mendoza's hand confirm that he used the shank in assaulting Mr. Rojas-Flores. (*See* Doc. 110, 13-14).

A reasonable juror could find guilt beyond a reasonable doubt on Count 3, so Mr. Mendoza's motion for judgment of acquittal on the prohibited object charge will be denied. There is no dispute that at the time of the incident that Mr. Mendoza was an inmate at USP Canaan, a federal prison. Nor is there any debate that the shank constitutes a prohibited object under § 1791. *See* 18 U.S.C. § 1791(d)(1)(B) ("prohibited object" includes a "weapon" or "an object that is designed or intended to be used as a weapon"). Thus, Mr. Mendoza's challenge is to whether the evidence was sufficient to establish beyond a reasonable doubt that he possessed the shank. It was. In considering the instant motion, deference is afforded to the jury's findings and I draw "all reasonable inferences in favor of the jury verdict." *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010). In light of this, a rational factfinder could have concluded beyond a reason doubt that Mr. Mendoza knowingly possessed the shank given that it was found in his toilet, he sustained minor injuries to his hand and thumb, Mr. Mendoza's injuries were consistent with gripping an object such as a shank, and Mr. Rojas-Flores sustained several puncture wounds from a shank. Mr. Mendoza has not met his burden to have the verdict on Count 3 set aside and an acquittal entered. Judgment of acquittal on the possession of a prohibited object in Count 3 will not be

granted.

**B.     New Trial.**

Under Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Granting or denying a motion for a new trial "lies within the discretion of the district court." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003) (citations omitted). Rule 33 motions are disfavored and should be "granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). Exceptional cases include those in which trial errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (citation omitted).

Mr. Mendoza's arguments for a new trial are similar to those relied on to support his request for a judgment of acquittal. (*See* Doc. 95, 4-6). Mr. Mendoza particularly contends that this is the type of exceptional case warranting Rule 33 relief because there "was no testimony from the victim or any eyewitness accusing Mr. Mendoza of committing the assault or possessing the shank. The Government's contention that Mr. Mendoza committed the assault and possessed the shank was based on pure speculation and not supported by any direct evident nor sufficient circumstantial evidence." (*Id*. at 5-6). So he concludes that a new trial is warranted. (*See id.*).

A new trial should be denied, says the Government in opposition, because there has not been a miscarriage of justice. (*See* Doc. 110, 14-15). The Government emphasizes that motions for new trial based on the weight of the evidence are not

favored and should be granting sparingly and only in exceptional circumstances, which is not the case here. (*See id*.).

Mr. Mendoza will not be granted Rule 33 relief. In considering whether the weight of the evidence supports the conviction, I turn to the elements of the charged offenses. *See*, *e.g.*, *United States v. Maurizio*, 701 F. App'x 129, 134 (3d Cir. 2017). Regarding Count 2, assault with a dangerous weapon, the weight of the evidence supported that conviction. Evidence was presented that Mr. Mendoza possessed a shank - it was found in his cell and he had minor injuries on his hand and thumb consistent with gripping that object. Evidence was also presented that Mr. Rojas-Flores sustained multiple punctures and lacerations during the incident and was blood-stained when he exited Mr. Mendoza's cell. There was also evidence that Mr. Mendoza's clothing was covered in blood despite only minimal injuries. Testimony was also given that following the incident, Mr. Mendoza was covered in water as though he had just washed his arms and he put on a fresh shirt. On this evidence, I do not find that the verdict was contrary to the weight of the evidence. And even if I did, relief would still not be warranted because even where "a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred - that is, that an innocent person has been convicted.'" *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). There is not a serious danger that a miscarriage of justice occurred here. Therefore, a new trial is not warranted on Count 2.

The same is also true for Count 3. The weight of the evidence supports the finding that Mr. Mendoza, a federal prisoner, possessed a prohibited object, a shank. As stated, the Government presented adequate evidence to conclude that Mr. Mendoza possessed the shank, including that it was found in the toilet in his cell, that Mr. Rojas-Flores had puncture wounds from the shank, and that Mr. Mendoza had injuries on his hand and thumb that were consistent with the use of the shank. Mr. Mendoza's motion

8

for a new trial will be denied.

### III. Conclusion

For the above stated reasons, Mr. Mendoza's post-trial motion for new trial and judgment of acquittal will be denied.

An appropriate order follows.

November 21, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge