IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:18-CR-00122-02 |
| v. | (Chief Judge Brann) |
| RUDY MENDOZA, | |
| Defendant. | |

MEMORANDUM OPINION

MARCH 1, 2024

## I. BACKGROUND

In 2019, Rudy Mendoza was charged in a superseding indictment with conspiracy to commit assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3), and possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(3).[1] Mendoza pled not guilty to the counts and the matter proceeded in ordinary course.[2]

On June 19, 2019, just days prior to the scheduled commencement of trial in Mendoza's case, the Honorable A. Richard Caputo[3] held a hearing regarding Mendoza's request to remove his attorney from his case.[4] In that hearing, Mendoza complained that he had not yet seen all the discovery that his attorney had obtained,

---

[1] Doc. 40.
[2] Doc. 44.
[3] Judge Caputo has since died, and the Undersigned was appointed to this case in July 2020.
[4] Docs. 54, 144.

that his attorney wanted him to accept a plea offer, and his attorney had arranged a meeting between Mendoza, counsel, and the prosecutor.[5] At the conclusion of the hearing, Judge Caputo offered to appoint new counsel and delay the trial, but Mendoza insisted he did not want a delay and would like to represent himself at trial.[6] Consequently, Judge Caputo permitted Mendoza to proceed *pro se*, but appointed a new attorney as standby counsel.[7]

This matter thereafter proceeded to a three-day trial, after which a jury convicted Mendoza of assault with a dangerous weapon with the intent to do bodily harm, and possession of a prohibited object.[8] Following his conviction, Mendoza filed an appeal with the United States Court of Appeals for the Third Circuit, arguing that the deportation of the assault victim to the United Mexican States prior to trial violated Mendoza's constitutional rights.[9] The Third Circuit rejected that argument, finding that, given the victim's refusal to cooperate with the investigation, there was no plausible showing that his testimony would have been favorable to Mendoza.[10] Mendoza filed a petition for a writ of certiorari with the Supreme Court of the United States, but his petition was denied on February 22, 2022.[11]

---

[5] Doc. 144 at 2-3.
[6] *Id.* at 25-26.
[7] *Id.* at 26-29; Doc. 64.
[8] Doc. 81.
[9] *United States v. Chavez*, No. 19-3913, 2021 WL 4429837, at *1 (3d Cir. Sept. 27, 2021).
[10] *Id.* at *3.
[11] *Mendoza v. United States*, 142 S. Ct. 1166 (2022).

In February 2023, Mendoza filed a motion for an extension of time to file a 28 U.S.C. § 2255 motion, asserting that there was a three-month delay in him receiving notice of the Supreme Court's decision, which in turn delayed his preparation of a § 2255 motion.[12] This Court denied the motion on February 15, 2023, noting that Mendoza could file, at a minimum, a placeholder § 2255 motion by the filing deadline.[13]

Mendoza did not immediately file a § 2255 motion. Rather, Mendoza filed his § 2255 motion, at the earliest, on April 14, 2023—the date the motion was postmarked as having been mailed from his place of confinement.[14] Mendoza states that his motion was filed untimely due to the delay in his appellate counsel providing notice of the Supreme Court's decision, and because he had requested an extension of time from this Court but had "yet to receive a response on the request."[15]

In his motion, Mendoza raises three distinct claims.[16] First, he argues that he received ineffective assistance of counsel, as his attorney: (1) did not secure an affidavit from, or otherwise communicate with, the victim before his deportation from the United States; (2) purportedly permitted Mendoza's speedy trial rights to

---

[12] Doc. 150.
[13] Doc. 151.
[14] Doc. 152 at 14. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (prisoner filings deemed filed when they are placed in the prison mail system). Mendoza's § 2255 motion is undated and unsigned, Doc. 152 at 12, while his memorandum in support of his motion is dated April 17, 2023—after it was placed in mail system. Doc. 153 at 19. Therefore, the Court assumes the motion was filed on the earliest discernable date, April 14, 2023.
[15] Doc. 152 at 11.
[16] Doc. 153.

be violated; (3) failed to timely provide discovery to Mendoza; and (4) arranged a meeting with an Assistant United States Attorney regarding the case without first obtaining Mendoza's permission.[17] Second, Mendoza contends that the received ineffective assistance of appellate counsel when his appellate counsel failed to raise a number of issues that Mendoza deems meritorious.[18]

Third, Mendoza asserts that there was prosecutorial misconduct in this case; he bases this claim on what he believes is evidence that indicates the victim cooperated with the Government despite its statement that he was uncooperative, and because the Government used unconstitutional tactics to convict Mendoza, such as deporting the victim in this case, accidentally destroying the weapon that Mendoza had possessed, filing a superseding indictment, and having Mendoza's attorney "act[] as an agent for the Government."[19] Finally, Mendoza asks the Court to review the constitutionality of the proceedings that led to his conviction, although he does not specify what other issues may have occurred.[20]

The Government responds that Mendoza's motion is time-barred, as it was filed beyond the one-year limitations period and equitable tolling does not apply.[21] And, even if not time-barred, the Government argues that Mendoza's motion is

---

[17] *Id.* at 4-12.
[18] *Id.* at 12-14.
[19] *Id.* at 14-18.
[20] *Id.* at 18.
[21] Doc. 160 at 5-9.

without merit, as he did not receive ineffective assistance of counsel or appellate counsel, and there was no prosecutorial misconduct in this case.[22] Although Mendoza obtained an extension of time to file a reply brief, he has not done so, and the time to so do has now lapsed.[23] Accordingly, this matter is ripe for disposition. For the reasons discussed below, the Court will deny Mendoza's motion as time barred.

## II.  DISCUSSION

### A.  Timeliness of Motion

As a general matter, 28 U.S.C. § 2255 motions must be filed within one year of the date upon which a defendant's conviction becomes final.[24] The Supreme Court denied Mendoza's petition for a writ of certiorari on February 22, 2022, meaning his conviction became final on that day.[25] Consequently, Mendoza's § 2255 motion was due on or before February 22, 2023. Mendoza did not file his motion until April 14, 2023 at the earliest—51 days after the deadline had lapsed.[26] It is therefore clear from the record that his § 2255 motion is facially untimely.

Nevertheless, this conclusion does not end the Court's inquiry. Mendoza asserts that he did not immediately receive notice that the Supreme Court had denied

---

[22]  *Id.* at 9-22.
[23]  Doc. 162.
[24]  28 U.S.C. § 2255(f)(1). Although there are some exceptions to that rule, it does not appear that any would apply in this case. *See* 28 U.S.C. § 2255(f)(2)-(4).
[25]  *Mendoza*, 142 S. Ct. 1166.
[26]  Doc. 152 at 14.

his petition—he only received such notice approximately three months after the fact—and states that he requested an extension of time from this Court to file his § 2255 motion but had not received the Court's Order denying that motion by the time he mailed his § 2255 motion.[27] Liberally construing Mendoza's § 2255 motion, as is this Court's obligation, he is arguably seeking equitable tolling, which would excuse his untimely motion.[28]

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[29] "As with most issues involving a court's exercise of equitable powers, there are no bright lines in determining whether equitable tolling is warranted in a given case."[30] "Thus, [courts] must 'exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'"[31] "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine."[32]

---

[27] *Id.* at 11.
[28] *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (noting that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established" (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).
[29] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[30] *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (brackets and internal quotation marks omitted).
[31] *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).
[32] *Id.*

As to whether a movant has been diligently pursuing his rights, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence."[33] "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case."[34]

Furthermore, "to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances [that the movant] faced and [his] failure to file a timely federal [motion]."[35] A movant cannot demonstrate such a connection if he, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."[36] Stated differently, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[37]

Mendoza lays the blame for his belated filing at the feet of two circumstances; the approximately three-month delay in receiving notice that the Supreme Court had denied certiorari, and his failure to receive a ruling on his motion for an extension

---

[33] *Id.*
[34] *Id.*
[35] *Id.* at 803.
[36] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000)).
[37] *Id.* (quoting *Valverde,* 224 F.3d at 134).

7

of time to file the § 2255 motion.[38] Even assuming that both events qualify as extraordinary circumstances sufficient to warrant equitable tolling,[39] Mendoza has failed to demonstrate that he diligently pursued his rights, or that there is a causal connection between the events and his failure to timely file his § 2255 motion.

Mendoza's petition for certiorari was denied on February 22, 2022, but he claims he was not mailed the decision until May 17, 2022.[40] Mendoza provides no explanation as to why, during the following nine months, he was unable to draft a § 2255 motion, even if it were only a placeholder motion. Mendoza was capable of drafting documents and mailing them to the Court, as demonstrated by his motion for an extension of time to file his § 2255 motion.[41] It would have taken no longer to draft a placeholder § 2255 motion than it took to draft the extension motion.

Nor would the Court's denial of the motion for an extension of time, or Mendoza's failure to receive that Order, have prevented him from timely filing his § 2255 motion. Mendoza was clearly aware of the impending deadline to file his § 2255 motion at the time he sent the motion for an extension of time. Mendoza could not simply assume his motion for an extension of time would have been granted. Having not heard from the Court regarding his motion for an extension of

---

[38] Doc. 152 at 11.
[39] It is difficult to conceive of how the denial of a motion for an extension of time could constitute an extraordinary circumstance.
[40] *Id.*
[41] Doc. 150.

time, a reasonably diligent individual would have filed a placeholder § 2255 motion as soon as possible or inquired further into his motion for an extension of time. Mendoza did neither. Instead, he waited nearly two months before filing his § 2255 motion, without ever inquiring as to whether the Court had received or granted his motion for an extension of time.

Absent any explanation for the delay in filing his § 2255 motion or an explanation as to how the three month delay in learning of the denial of certiorari, or the failure to receive a response regarding his motion for an extension of time, impacted Mendoza's ability to timely file his § 2255 motion, the Court cannot conclude that he exercised reasonable diligence under the circumstances, or that there was a causal connection between those events and Mendoza's failure to timely his § 2255 motion.[42] Rather, Mendoza's failure to exercise reasonable diligence in filing his § 2255 motion breaks any link of causation, "and the extraordinary circumstances therefore did not prevent timely filing" of Mendoza's § 2255

---

[42] *Cf. LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (noting that, although the Third Circuit was "not attributing fault because LaCava waited nine months to file his PCRA petition . . . we believe that this is a factor to be taken into consideration when determining whether it was reasonable for him to wait twenty-one months before making an inquiry to the state court or to counsel"); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (stating "not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court. . . . Under long-established principles, petitioner's lack of diligence precludes equity's operation").

motion.[43] Equitable tolling does not apply, Mendoza's motion is time barred, and the motion will be denied as such.

### B. Certificate of Appealability

Because this Court will deny Mendoza's § 2255 motion, this decision will not be appealable unless this Court or a circuit justice issues a certificate of appealability.[44] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."[45] To satisfy this standard Mendoza must demonstrate that reasonable jurists would find that the Court's procedural ruling is debatable or wrong.[46] This Court finds that Mendoza has not met this burden, and the Court therefore declines to issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, Mendoza's 28 U.S.C. § 2255 motion will be denied as time barred. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[43] *Brown*, 322 F.3d at 773.
[44] 28 U.S.C. § 2253(c)(1)(B).
[45] *Id.* § 2253(c)(2).
[46] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).